## LEVI PORTER ET AL. v. R. VANDERLIN.

APPEAL BY A. F. HOLLISTER, USE PLAINTIFF, FROM THE COURT OF COMMON PLEAS OF BUTLER COUNTY.

Argued October 19, 1891—Decided January 4, 1892.

(a) Of a tract of land, levied upon under an execution, portions had been demised for oil and gas production after the entry of the judgment from which the writ issued. The grantees, under § 9, act of April 22, 1856, P. L. 534, applied for an order on the plaintiff to sell first the unaliened land; otherwise, on payment of the judgment to assign the same, etc.

(b) At the execution-plaintiff's instance, the rule to show cause granted was not to have effect until the petitioners paid into court the amount due on the judgment, and costs; the plaintiff to have leave to take the same out of court forthwith, on assigning the judgment to the petitioners: In compliance with said order, the petitioners paid the money into court.

Statement of Facts.

1. Independently of the provisions of § 9, act of April 22, 1856, P. L. 534, the petitioner having paid the money into court in compliance with the order made at the plaintiff's instance, such ·payment was the equivalent of a payment to the plaintiff; and it was not error for the court to enter a final order for the assignment of the judgment to the petitioners.

Before STERRETT, GREEN, McCOLLUM, and MITCHELL, JJ. No. 29 October Term 1891, Sup. Ct. · court below, No. 18 September Term 1888, E. D., C. P.

On June 27, 1890, from a judgment in favor of Levi Porter and T. V. Porter, executors of the will of James Porter, deceased, for use of A. F. Hollister, against Robert Vanderlin, for $2,171.61, entered to No. 72 September Term 1888, by last revival from No. 49 September Term 1885, a fieri facias issued; and on June 30th, a levy was made on the interest of the defendant in a tract of five hundred and forty acres in Marion and Venango townships. On July 28th, upon the petition of A. G. Egbert and George R. Sheasley, presented to HAZEN, P. J., at chambers, the writ was stayed to the first day of the next term.

On September 1, 1890, the petition of Egbert and Sheasley was read in open court, averring in substance, that the petitioners were the owners of leasehold estates for oil and gas production in portions of the lands levied upon by virtue of said writ, said estates and the grants by which they were created being particularly described; that at the time the said leasehold estates were granted and created, the entire tract of land was subject to the lien of a judgment entered originally on July 6, 1875, and duly revived by several revivals to No. 72 September Term 1888, but the petitioners had no actual knowledge thereof at the time of said grants ; that A. F. Hollister, the beneficial plaintiff in said judgment, had caused an execution to issue therefrom whereon the said tract of land as a whole had been levied upon and advertised for sale ; that upon learning of said levy and advertisement, the petitioners had tendered to said plaintiff, on July 24, 1890, the amount due upon said judgment, interest and costs, and that acceptance of the same was refused ; that at the date of the entry of the said judgment, the defendant therein had other lands in the county of Butler upon which the judgment was a lien, and that had

not been aliened at the time of the grants now vested in the petitioners, said lands being particularly described; praying for a rule to show cause why the said plaintiff should not levy upon and make sale of the lands which the defendant had not aliened at the date of said grants to the petitioners, for the payment of said judgment; otherwise, upon the payment of said judgment by the petitioners, to assign the same for such uses as the court might direct, as provided by § 9, act of April 22, 1856, P. L. 534.

To the said petition were attached as exhibits the various instruments vesting the alleged leasehold estates in the petitioners.

Upon the presentation of said petition, a rule to show cause as prayed for was granted, with the following provision: "And the court order and direct that forthwith, and before the said rule to show cause shall take effect, the petitioners pay into court the amount of said judgment, together with the interest and costs thereon accrued, for the use of the said plaintiff upon his assigning the said judgment to the petitioners, and that the said plaintiff have leave to take the same out of court forthwith upon assigning the said judgment to the said petitioners." Thereupon, the petitioners at once paid into court the sum of $2,613.38, in full compliance with said order. Subsequently, the plaintiff and the defendant in the judgment filed a joint answer, setting forth, inter alia, that the plaintiff declined to assign the judgment to the petitioners, or either of them.

After argument, the court, HAZEN, P. J., on November 8, 1890, made the following order:

And now to wit, November 8, 1890, the plaintiff by his attorneys having insisted, at the time of the granting of the rule to show cause in this case, that the petitioners, A. G. Egbert and George R. Sheasley, should be required to pay the amount of the judgment, together with interest and cost thereon accrued into court, before the said rule to show cause should take effect, though claiming the right to refuse and refusing to take the same out; and the court having made the order so insisted upon, and the said petitioners having complied with the said order by paying the said money into court for the use of the said plaintiff, it is now, upon consideration thereof and of the petition and answer thereto, considered, adjudged and decreed that the

Opinion of the Court.

plaintiff, A. F. Hollister, assign the said judgment, together with the interest and costs thereon accrued, to the said petitioners, A. G. Egbert and George R. Sheasley, and to this extent the said rule to show cause is made absolute ; the counsel for the plaintiff admitting at argument that the petitioners have an interest in the land levied upon, and that the case comes within the ninth section of the Act of April 22, 1856. Exception.

Thereupon, the beneficial plaintiff took this appeal, assigning the foregoing order for error

*Mr. John M. Thompson*, (with him *Mr. Lev. McQuistion* and *Mr. J. C. Vanderlin*), for the appellant.

Counsel cited : § 9, act of April 22, 1856, P. L. 534; Forest Oil Co.'s App., 118 Pa. 138; Arna's App., 65 Pa. 72; Phelps's App., 98 Pa. 546 ; Roddy's App., 72 Pa. 98; Nailer v. Stanley, 10 S. & R. 450 ; Cowden's Est., 1 Pa. 267 ; Martin's App., 97 Pa. 85.

*Mr. C. Heydrick*, for the appellees.

Counsel cited : Miller's App., 119 Pa. 620, 631; Cottrell's App., 23 Pa. 294, 295 ; Frow's Est., 73 Pa. 459, 466; Mosier's App., 56 Pa. 76, 80, 81 ; Ackerman's App., 106 Pa. 1; Hess's Est., 69 Pa. 272; Roddy's App., 72 Pa. 98.

OPINION, MR. JUSTICE STERRETT :

This appeal by the beneficial plaintiff is from the final order of the court, made in a proceeding commenced by the appellees, Egbert and Sheasley, under the ninth section of the act of April 22, 1856.

An execution against Vanderlin, defendant in the judgment, was levied on lands portions of which were acquired by said appellees after the lien of the judgment had attached. Being interested in protecting themselves against the consequences of a sale which would have divested their title, they presented a petition setting forth all the material facts, and praying for a rule on the plaintiff to show cause why he should not levy and sell lands which the defendant had not aliened at the date of his grant to petitioners, etc. ; or, upon payment of the judgment by them, assign the same for such uses as the court

might direct in accordance with the provisions of said act. That application was resisted by the beneficial plaintiff; but, when the court intimated that the rule to show cause should be granted, he insisted that it should be coupled with an order on the petitioners to pay into court the amount of his judgment, and thereupon the following was appended to the order granting the rule to show cause, viz. :

" And the court order and direct that forthwith, and before the said rule to show cause shall take effect, the petitioners pay into court the amount of said judgment, together with the interest and costs thereon accrued, for the use of the said plaintiff upon his assigning the judgment to the petitioners, and that said plaintiff have leave to take the same out of court forthwith upon assigning the said judgment to the said petitioners."

In obedience to this order, made at the instance of the appellant, the appellees paid the money into court; but, without assigning any sufficient reason therefor, appellant declined to assign the judgment or take the money out of court. The cause was afterwards heard upon the petition and answers, and thereupon the following final order was made :

" November 8, 1890, the plaintiff, by his attorneys, having insisted . . . . . that the petitioners, A. G. Egbert and George R. Sheasley, should be required to pay the amount of the judgment, together with the interest and costs thereon accrued, into court, . . . . ; and the court having made the order so insisted upon, and the said petitioners having complied with the said order by paying the said money into court for the use of the said plaintiff, it is now, upon consideration thereof, and of the petition and answers thereto, considered, adjudged, and decreed that the plaintiff, A. F. Hollister, assign the said judgment, together with the interest and costs thereon accrued, to the said petitioners, A. G. Egbert and George R. Sheasley, and to this extent the said rule to show cause is made absolute; the counsel for plaintiff admitting at argument that the petitioners have an interest in the land levied upon, and that the case comes within the ninth section of the act of April 22, 1856."

The order directing plaintiff to assign the judgment, and also the recital of admissions of counsel, were excepted to, and this appeal taken.

Opinion of the Court.

It is contended by the appellees that the legal effect of compliance with the order, made at the instance of the plaintiff, was satisfaction of his execution. The money was and still is within his grasp whenever he chooses to take it out of court. Whether the judgment should have been satisfied or transferred to those who were equitably entitled to subrogation, was a question for the court, and not for the plaintiff. In the absence of evidence tending to show anything to the contrary, it must be assumed that the only legitimate object the plaintiff could have had in levying on the land in portions of which appellees had acquired an interest, was the collection of his debt. If he had any other lawful purpose to subserve, it was incumbent on him to show it. As a condition precedent to the intervention of appellees for the protection of their interest in the land, he insisted on their being required to pay into court the full amount of his claim. An order to that effect was accordingly made and promptly complied with. The money paid into court, at the instance of the plaintiff and for his use, represented his entire claim; and, while it was not actually paid to him in person, the transaction was tantamount to payment. It was there for him to take whenever he chose to receive it. It is not even alleged that, by virtue of the judgment, he had or could have any further claim against the defendant therein, or any one else. In view of the undisputed facts, and independently of the provisions of the act insisted on by appellant, the final decree requiring him to assign the judgment was the logical sequence of the position in which he voluntarily placed himself by successfully demanding that the full amount of his claim should be paid into court. The assignments of error are not sustained.

Decree affirmed, and appeal dismissed, with costs to be paid by appellant.